UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

    Plaintiff,

v.

AL NERIO *et al.*,

    Defendants.

Case No.  C06-5340RJB

ORDER GRANTING PLAINTIFF'S *IN FORMA PAUPERIS*, APPLICATION, ORDERING ENTRY OF THE CASE MANAGEMENT ORDER, AND DIRECTING PLAINTIFF TO EITHER FILE SERVICE DOCUMENTS OR FILE A RENEWED MOTION FOR ISSUANCE OF SUMMONS

    The Court, has reviewed plaintiff's application to proceed *in forma pauperis*.  (Dkt. # 1).  The court has also reviewed plaintiff's application to proceed *in forma pauperis* in Scott v. Special Commitment Center, 06-CV-5359RBL.  The court originally had concerns regarding a flow of funds into plaintiffs' trust account at the Special Commitment Center.

    Plaintiff's avers he is unemployed, but he also states he "draws" $50 per month as director of a non profit organization.  (Dkt. # 1).  Plaintiff does not provide other information as to his connection to this organization or to his ability to control the assets of the corporation in his application in this case.  In Scott v. Special Commitment Center, 06-CV-5359RBL he states the organization "ran out of funds."

ORDER
Page - 1

1  (Application to proceed *in forma pauperis* in <u>Scott v. Special Commitment Center</u>, 06-CV-5359RBL, Dkt.
2  # 1).

3  Plaintiff's trust account with the Washington Special Commitment Center shows a flow of income
4  fluctuating between $150 dollars and $50 dollars per month. (Dkt. # 1, attached trust statement). In
5  November of 2005 plaintiff received two deposits from the "Great NW Fed CU" totaling $150 dollars.
6  (Dkt. # 1, attached trust statement). Every other month he received $ 50 dollars which is consistent with
7  plaintiff's statements to the court. The court assumes the bank account at "Great NW Fed CU" is
8  connected to the non profit organization although plaintiff does not specifically indicate that is the case.

9  While plaintiff provides his trust account information from the state he does not provide
10  information concerning the asserts in the bank account at "Great NW Fed CU." The court takes judicial
11  notice of the information plaintiff provides in <u>Scott v Special Commitment Center</u> that the corporation is
12  out of funds. Plaintiff's application to proceed *in forma pauperis* is **GRANTED.**

13  Plaintiff litigates under close judicial scrutiny as a result of past abusive practices. The District
14  Court Judges of this district have adopted a case management order and a sanction order relating to the
15  plaintiff. The orders can be found in <u>Scott v Denny</u>, 04- CV- 5574RBL. The case management order is
16  Dkt. # 30 and the sanctions order is Dkt. # 76. The case management order directs the Magistrate Judge
17  to enter a copy of the order in this case and the clerk of court is directed to **enter a copy of the case**
18  **management order**.

19  Now that plaintiff has been granted *in forma pauperis* status, the court considers pending motions.
20  Plaintiff has filed a "Parciepe." asking for signed summons in this case. In that document he indicates "I do
21  my own service of SCC Staff but I need signed summons please."

22  As a person proceeding *in forma pauperis*, plaintiff is entitled to have the United States Marshal's
23  Service attempt service by mail on his behalf. If plaintiff wishes to serve the complaint himself he will need
24  to follow the Federal Rules of Civil Procedure regarding service of a complaint.

25  The choice is plaintiffs', **the clerk is directed to send plaintiff seven Marshals service forms**. If
26  plaintiff's wishes the court to order the Marshal's attempt service by mail he needs to send a copy of the
27  complaint and filled out service form for each defendant. If plaintiff wishes to undertake service himself as
28  he need only file a renewed request for summons and return the seven copies of the service form. The

court will order seven summons be issued.

    Plaintiff needs leave of court to obtain summons because of the case management order. That order limits plaintiff's ability to obtain subpoenas and mandates a court order. The court considers summons to be a document of similar nature. Here, plaintiff has shown good cause for the issuance of seven summons.

    Plaintiff's response, either service documents or a renewed request for summons, is due on or before **AUGUST 18th, 2006.** The clerks' office is directed to calendar that date on the court's calendar and the court will review the file at that time.

    DATED this 17th, day of July, 2006.

                                           */S/ J. Kelley Arnold*
                                           J. Kelley Arnold
                                           United States Magistrate Judge