1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

       Plaintiff,

   v.

AL NERIO *et. al.*,

       Defendant.

Case No. C06-5340RJB

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**NOVEMBER 28th, 2006**

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge

pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR

3, and MJR 4. Before the court are two motions for temporary restraining orders (Dkt. # 16 and 18).

In each motion plaintiff asks the court to order personnel at the SCC to provide him with free copies,

beyond the normal limit of 90 free copies per month that he is allowed. Defendants have responded

(Dkt. # 20).

FACTS

      Plaintiff is a non committed resident at the SCC.  Defendant's response to the motion sets

REPORT AND RECOMMENDATION - 1

1  forth the sum total of plaintiff's motions word for word.  In addition, defendants direct the court to

2  prior court sanctions orders that are in effect.  In compliance with the courts prior orders, defendants

3  inform the court there will be no response on the merits unless one is requested (Dkt. # 20).

4       Plaintiffs first motion states, "I have been cut off all copies [sic] and cannot proceed in any

5  case (except civil commitment case) in any court w/o copies!" Plaintiff further states he has no

6  envelopes (Dkt. # 16).  In his second motion plaintiff states he was refused copies in any non civil

7  commitment case (Dkt. # 18).

8       Plaintiff submitted exhibits in support of his motions (Dkt. # 17).  Page 8 of his exhibits is a

9  memorandum from Beck Denny that indicates Mr. Scott receives 90 copies each month free.  As of

10  September 29th , 2006 he owed for 5827 copies he had not paid for.  This bill is not for the 90 copies

11  per month; it is for copies in excess or in addition to the 90 free copies per month.

12       The Denny memorandum indicates Mr. Scott will continue to receive free copies for his civil

13  commitment case in addition to the 90 free copies per month.  No further credit will be extended

14  (Dkt. # 17, page 8).  The memorandum also states Mr. Scott abused copying privileges.  Ms. Denny

15  states Mr. Scott requested copies of an observation report, wrote derogatory remarks on the copies,

16  and sent the document to various staff  "in an attempt to harass and humiliate targeted staff" (Dkt. #

17  17, page 8).

18  STANDARD

19       The basic function of injunctive relief is to preserve the <u>status quo ante litem</u> pending a

20  determination of the action on the merits.  <u>Los Angeles Memorial Coliseum Com'n v. National</u>

21  <u>Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party seeking injunctive relief must fulfill

22  one of two standards, the "traditional" or the "alternative."  <u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th

23  Cir. 1987).

24       Under the traditional standard, a court may issue preliminary relief if it finds that (1) the
moving party will suffer irreparable injury if the relief is denied; (2) the moving party will

25  probably prevail on the merits; (3) the balance of potential harm favors the moving party; and
(4) the public interest favors granting relief. . . . Under the alternative standard, the moving

26  party may meet its burden by demonstrating either (1) a combination of probable success and
the possibility of irreparable injury or (2) that serious questions are raised and the balance of

27  hardships tips sharply in its favor.

28  REPORT AND RECOMMENDATION - 2

1  Id. (citations omitted).

2  DISCUSSION

3       Plaintiff fails to show any irreparable injury.  Plaintiff argues he may not proceed with this, or

4  other, litigation as a result of the lack of copies. Since September 29th, 2006 when Ms. Denny issued

5  her memorandum Mr. Scott has submitted no less that 8 filings in this action.  The filings include;

6  two motions for temporary restraining orders, a motion to add a defendant, two sets of exhibits in

7  support of his motions for temporary restraining orders, a motion to conduct non stenographic

8  depositions, a motion to amend the complaint, and "a status update." Mr. Scotts argument is

9  unsupported by the record in this case. The court will not consider the "status update" as this is not a

10  proper pleading.

11       As Mr. Scott has not meet his burden of showing an injunction is needed.   The motions for

12  temporary restraining orders should be **DENIED.**  A proposed order accompanies this Report and

13  Recommendation.

14       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

15  parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R.

16  Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.

17  U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

18  matter for consideration on **November 28th, 2006**, as noted in the caption.

19

20       DATED this 6th  day of November, 2006.

21

22       **/s/ J. Kelley Arnold**
         J. Kelley Arnold
23       United States Magistrate Judge

24

25

26

27

28  REPORT AND RECOMMENDATION - 3