UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

    Plaintiff,

v.

AL NERIO *et al.*,

    Defendants.

Case No. C06-5340RJB

ORDER DENYING PLAINTIFF'S MOTIONS TO ADD DEFENDANTS AND AMEND THE COMPLAINT

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court are plaintiff's motions to add defendants and to amend the complaint (Dkt. # 19 and 28).

Plaintiff has amended the complaint in this action twice prior to these motions.  Once by simply writing amended complaint on the original complaint and deleting two defendants, and once by filing an amended complaint (Dkt. # 11). In response the court found it necessary to enter an order of clarification as to who the defendants are in this action and what complaint is the operative complaint (Dkt. # 30).

In plaintiff's first pending motion, (Dkt. # 19), plaintiff argues Becky Denny should be added, as plaintiff has filed two Motions for Temporary Restraining Orders.  Plaintiff believes Denny to be a

ORDER
Page - 1

1  necessary party in order for him to seek injunctive relief (Dkt. # 19).  Defendants note that Mr.

2  Scott's request is beyond the scope of the court order allowing Mr. Scott to proceed (Dkt. # 20).

3  The order allowing this action to proceed stated:

> Plaintiff's proposed complaint asserts constitutional and other claims against individuals who participated in a disciplinary hearing on April 6, 2006. Plaintiff asserts that there was no evidence to support the alleged violation of Policy 235, that defendant Alan McLaughlin improperly influenced the proceedings, and that the punishments assessed (a bar from use of intra-institutional mail, the deprivation of free legal copies, the confiscation of plaintiff's computer, and isolated confinement) infringe his First Amendment rights and access to the courts. Pursuant to his declaration, plaintiff is not seeking to litigate claims arising before April 6, 2006, and has not raised these claims in a prior suit.
>
> Although plaintiff has already filed two complaints regarding the confiscation of his computer and his isolated confinement (see MC05-5029 at Dkt. # 43 (now C06-5173) and Dkt. # 50), the Court will accept at face value plaintiff's representation that this complaint involves only the adverse consequences of the April 6, 2006, disciplinary hearing. Plaintiff will not be permitted to litigate prior events, such as the confiscation of his computer in February and March 2006, in the context of this action. The Court finds that the issues raised in the April 11, 2006, proposed complaint (Dkt. # 52), as limited herein, have not been finally resolved and may proceed subject to the other requirements imposed by the "Order Adopting Report and Recommendation," dated April 5, 2005. The Clerk of Court shall docket this order in MC05-5029 and open a new cause of action containing all documents related to plaintiff's April 11,2006, submission.

(Dkt. # 2).  Defendants position is correct.  The issue Mr. Scott is attempting to raise is beyond the

scope of the order allowing him to proceed.  However, the court has inherent authority to consider

injunctive relief in the interest of justice.  While defendants argument is persuasive, the court declines

to deny Mr. Scott's motion based on this argument.  However, Mr. Scott did not provide a proposed

amended complaint with his motion.  The first motion to add Becky Denny as a defendant to this

action, (Dkt. # 19), is **DENIED.**

Plaintiff's second pending motion, (Dkt. # 28), seeks to add eight new defendants, including

Becky Denny, to this action.  The proposed complaint overlaps the allegations in other cases

including Scott v. Weinberg, 6-5172FDB.  In the Weinberg case there is a Report and

Recommendation pending to dismiss the action as frivolous and declare Mr. Scott a vexatious

litigator.  Allowing amendment of this action at this time would be inconsistent with the pending

Report and Recommendation and contradicts the aforementioned order of Judge Lasnik.  Defendants

note, amendment would unduly delay the resolution of the issues in this case (Dkt. # 32).  Further,

ORDER
Page - 2

Mr. Scott appears to be attempting to raise and litigate the very issues Judge Lasnik indicated plaintiff "would not be permitted to litigate" in this action. Those issues are confiscations of his computer for any reason other than the April 6th hearing that is the subject of this action. (Dkt. # 2). The motion is **DENIED.**

The clerk is directed to send a copy of this order to plaintiff and counsel for defendants.

DATED this 21st, day of November, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 3