UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

        Plaintiff,

    v.

AL NERIO, *et al.*,

        Defendants.

Case No. C06-5340RJB

ORDER

This matter comes before the Court on Plaintiff's "Appeal to a Judge Motion for Recusal of Dkt. # 37 Order." Dkt. 40-1. The Court has considered the pleadings filed in support of the motion, and the remainder of the file herein.

### I.   FACTS

In light of Plaintiff's past abusive litigation practices, on April 5, 2005, an order was issued by the U.S. District Court in Tacoma in Plaintiff's then pending cases. *See e.g. Scott v. Denny*, C04-5574RBL, Dkt.76. That order barred future litigation by Plaintiff unless he provided a proposed complaint and a signed affidavit, "verifying under the penalty of perjury that none of the issues raised in the proposed complaint have been litigated in the past by Plaintiff." *Id.* On June 20, 2006, Chief Judge Robert S. Lasnik permitted this case to go forward, noting that the "Court will accept at face value Plaintiff's representation that this complaint involves only the adverse consequences of the April 6, 2006 disciplinary hearing. Plaintiff will not be permitted to litigate prior events, such as the confiscation of his computer in February and March 2006." Dkt. 2, at 2.

ORDER
Page - 1

1   On October 2, 2006, Plaintiff filed a Motion to Add Defendant. Dkt. 19. Plaintiff failed to attach a proposed amended complaint, but explained that he wanted to add Becky Denny as a Defendant. *Id.* On October 24, 2006, Plaintiff filed a Motion for Leave to File Additional Complaint. Dkt. 28-1. Plaintiff attached a proposed amended complaint. Dkt. 28-2. On November 21, 2006, U.S. Magistrate Judge J. Kelley Arnold denied Plaintiff's Motion to Add Defendant for failure to attach a proposed amended complaint. Dkt. 37, at 2. Judge Arnold denied Plaintiff's Motion for Leave to File Additional Complaint because Plaintiff's proposed amended complaint overlapped with allegations in other cases and contradicted Judge Lasnik's order allowing the case to proceed. *Id.*

On November 30, 2006, Plaintiff filed this appeal of Judge Arnold's Order. Dkt. 40-1. Plaintiff also moves for Judge Arnold to recuse. *Id.* Plaintiff accuses Judge Arnold of "using his position to allow and encourage violations of court access, retaliation, intimination [sic] and has even condoned lying." *Id.* at 3. Plaintiff argues that Judge Arnold "must be removed." *Id.* Each of these motions will be addressed in turn.

**II.    DISCUSSION**

   **A.    APPEAL**

Fed. R. Civ. P. 72(a) provides:

> Nondispositive Matters. A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Plaintiff has failed to show that Judge Arnold's Order Denying Plaintiff's Motion to Add Defendants and Motion for Leave to File Additional Complaint (Dkt. 37) was "clearly erroneous or contrary to law." Plaintiff argues that none of the issues in the proposed amended complaint have been fully litigated, and so Judge Arnold's order was in error. Dkt. 40-1, at 1. Plaintiff's argument is misplaced. Judge Lasnik's order prohibited Plaintiff from litigating "prior events, such as the confiscation of his computer in February and March 2006," yet Plaintiff's proposed amended complaint includes allegations regarding these events. Plaintiff fails to meet his burden under Fed. R. Civ. P. 72(a). Judge

Arnold's order should be affirmed and Plaintiff's appeal should be dismissed.

### B. RECUSAL

Pursuant to 28 U.S.C. § 144,

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Plaintiff's motion for recusal of Judge Arnold should be denied. Plaintiff has failed to file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Plaintiff has not shown good cause for failure to file an sufficient affidavit within the time allotted by the statute. Plaintiff has failed to certify that the motion was made in good faith. Plaintiff's failure to comply with the statutory requirements of 28 U.S.C. § 144 should result in a denial of his motion, and no further referral should take place.

### III. ORDER

Therefore, it is hereby

**ORDERED** that U.S. Magistrate Judge J. Kelley Arnold's Order Denying Plaintiff's Motions to Add Defendants and Amend the Complaint (Dkt. 37) is **AFFIRMED**. Plaintiff's "Appeal to a Judge" (Dkt. 40-1) is **DISMISSED**, and his "Motion for Recusal" (Dkt. 40-1) is **DENIED**. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 12th day of December, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge