UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

    Plaintiff,

  v.

AL NERIO *et al.*,

    Defendants.

Case No. C06-5340RJB

ORDER GRANTING DEFENDANTS MOTION FOR A PROTECTIVE ORDER REGARDING DISCOVERY

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is defendants' motion asking for a protective order regarding discovery (Dkt. # 42). Other related motions, one from plaintiff asking for leave to conduct further discovery, and a second motion for a protective order from defendants, will be addressed in a separate order (Dkt. # 45 and 48).

    The plaintiff, Mr. Scott, is a resident of the Special Commitment Center for sexually violent predators. Mr. Scott litigates under close judicial scrutiny as a result of his past abuses of the legal system. These abuses included sending demeaning and improper discovery requests to a defendant, filing motions that violated Rule 11 because they were repetitive and improperly motivated, improper use of subpoenas, and use of litigation for the purpose of harassment.

    After multiple warnings to Mr. Scott went unheeded, the court attempted to place limits on Mr. Scott with a case management order. That order was entered January 8, 2004. See, Scott v Denny, 04-CV-5574RBL (Dkt. # 30).

ORDER
Page - 1

1   Eventually a sanctions order was entered and Mr. Scotts cases are now screened. As part of the
2   screening process Mr. Scott must certify to the court he has not raised or litigated the issue he is filing, in a
3   previous action.

4   Judge Lasnik identified the parameters of this action in the order allowing Mr. Scott to proceed
5   (Dkt. # 2). As part of that process the court stated "the Court will accept at face value plaintiffs'
6   representation that this complaint involves **only the adverse consequences of the April 6, 2006,**
7   **disciplinary hearing. Plaintiff will not be permitted to litigate prior events, such as the confiscation**
8   **of his computer in February and March 2006, in the context of this action**" (Dkt. # 2) (emphasis
9   added).

10  Mr. Scott now submits deposition questions (Dkt. # 42, Exhibit 1) that ask for information
11  regarding the very issues Judge Lasnik did not allow in this action (Dkt. # 2). Defendants move for a
12  protective order pursuant to Fed. R. Civ P. 26 (c) based on plaintiff's written questions. (Dkt. # 42, Exhibit
13  1). The court has considered the pleadings in the file including the responses and replies (Dkt. # 42 to 44,
14  48 to 50, 51 and 52, and 53).

15  Defendants show good cause for a protective order. The court now **ORDERS**:

16  1. All discovery is limited to the April 6, 2006 disciplinary hearing and the consequences of that hearing.

17  2. Defendants are entitled to costs and attorneys fees for this motion pursuant to Fed. R. Civ.
18  P. 37 (a)(4).

19

20  The clerk is directed to send a copy of this document to plaintiff and counsel for defendants.

21

22  DATED this 29 day of January, 2007.

23

24
25  /S/ *J. Kelley Arnold*
    J. Kelley Arnold
26  United States Magistrate Judge

27

28

ORDER
Page - 2