UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

          Plaintiff,

   v.

AL NERIO, et al.,

          Defendant.

CASE NO. C06-5340RJB

ORDER

      This matter comes before the Court on Plaintiff's "Appeal to a Judge of Dkt #66 #67 Orders." Dkt. 80. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

      On January 29, 2007, Magistrate Judge J. Kelley Arnold entered an Order Granting Defendants' Motion for a Protective Order Regarding Discovery. Dkt. 66. On the same day, Judge Arnold also entered an Order Denying Plaintiff's Motion to Conduct Discovery Without Prejudice and Denying Defendants' Motion for a Protective Order as Moot. Dkt. 67. On February 2, 2007, Plaintiff filed the motion at issue. Dkt. 80. Plaintiff states that "some discovery should have been allowed . . . but none has." *Id.* He alleges that the "prejudice and bias" of Judge Arnold is the cause of unreasonable discovery restrictions, and he asks Judge Arnold to recuse himself. *Id.* Plaintiff does not directly ask the Court to review the orders entered by Judge Arnold on January 29, 2007.

ORDER
Page 1

### A.  Rule 72(a) Objection

Under Fed. R. Civ. P. 72(a), upon objection by a party to a pretrial order of a magistrate judge, the district judge shall consider the objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Having reviewed the record and considered plaintiff's objections, the Court does not find that Judge Arnold's Order Granting Defendants' Motion for a Protective Order Regarding Discovery (Dkt. 66) was clearly erroneous or contrary to law.  Likewise, the Court does not find that Judge Arnold's Order Denying Plaintiff's Motion to Conduct Discovery Without Prejudice and Denying Defendants' Motion for a Protective Order as Moot (Dkt. 67) was clearly erroneous or contrary to law.  To the extend Plaintiff moves the court for review of these orders, Plaintiff's "Appeal to a Judge of Dkt #66 #67 Orders" (Dkt. 80) should be denied.

### B.  Motion for Recusal

28 U.S.C. § 144 provides in relevant part as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.  The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.

Plaintiff has failed to meet even the basic requirements under 28 U.S.C. § 144.  Plaintiff is a frequent litigator; so frequent, the Court has entered a Case Management Order restricting Plaintiff's abuse of litigation.  Plaintiff is fully aware of the Civil and Local Rules governing a motion for recusal and has failed to comply.  To the extent Plaintiff makes a Motion for Recusal of Judge Arnold, the motion should be stricken.

Therefore, it is hereby

**ORDERED** that Plaintiff's "Appeal to a Judge of Dkt #66 #67 Orders" (Dkt. 80) is **DENIED** and Plaintiff's Motion for Recusal of Judge Arnold (Dkt. 80) is **STRICKEN**.

1  The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel
2  of record and to any party appearing *pro se* at said party's last known address.
3  DATED this 26th day of February, 2007.

                                                    */s/ Robert J. Bryan*
                                                    Robert J. Bryan
                                                    United States District Judge