1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

              Plaintiff,

   v.

AL NERIO *et al.,*

           Defendants.

Case No.  C06-5340RJB

ORDER ON MULTIPLE
PENDING MOTIONS

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge

pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and

MJR 4. Before the court are seven motions filed by the parties which have become ripe for review during

the month of February.  Two of the motions, a motion for summary judgment, (Dkt. # 59), and a motion

for a temporary restraining order, (Dkt. # 73), will be addressed in a separate Report and

Recommendation.  The remaining five motions are:

      1.      Plaintiff's motion for an extension of time to conduct discovery (Dkt. # 63).

      2.      Plaintiff's motion to stay the action (Dkt. # 61).

      3.      Defendant's motion for costs and attorney fees (Dkt. # 77).

      4.      Plaintiff's motion to stay the action (Dkt. # 79).

1        5.      Plaintiff's motion for sanctions (Dkt. # 83).

2        The issue in this action is a disciplinary hearing held in April of 2006.  Plaintiff contends there was

3  no evidence to support the finding of guilt and that the sanctions violated plaintiff's constitutional rights

4  under the First Amendment and his right of access to the court.

5        In his first motion plaintiff asks for an extension of the discovery deadlines (Dkt. # 63).  Plaintiff

6  has repeatedly sought discovery seeking to enlarge or expand the scope of this litigation. The court has

7  denied batches of discovery and instructed the plaintiff to limit his requests.  Plaintiff now brings a motion

8  to extend the discovery deadline and states "[n]o discovery has occurred or is set to occur, therefore the

9  deadline must be extended.  Another year or two would not be unreasonable given the present pace of zero

10  miles a hour."(Dkt. # 63).

11        Despite the court limiting the scope of this action in the order allowing the case to proceed, (Dkt. 3

12  2), the discovery submitted for the court to consider has contained improper requests.  By way of example,

13  the requests for admission to defendant McLaughlin submitted in December of 2006 contain requests that

14  are argumentative, designed to harass, and far beyond the scope of this litigation (Dkt. # 45), attached

15  request for admissions).  Mr. Scott litigates under close judicial scrutiny to help prevent his further abuse

16  of the legal system.  Plaintiffs' motion is **DENIED.**

17        Mr. Scott's second motion asks the court to stay the action because he cannot get copies (D.t. #

18  61).  The motion is not dated or signed, and should not be considered on that grounds alone.  On the

19  merits, Mr. Scott fails to show a stay is warranted.  Mr. Scott is able to file documents with the court as is

20  demonstrated by the number of documents filed in January and February of this year.  The motion is

21  **DENIED.**

22        Defendants have filed a motion for attorneys' fees (D.t. # 77).  In December defendants moved for

23  a protective order (D.t. # 42).  That motion was granted and the court stated defendants were entitled to

24  costs and attorney fees.  They now submit a motion asking for $480.00 dollars (Dkt. # 77).  Plaintiff has

25  not responded to the motion for costs and fees.  The motion is **GRANTED.**

26        **Mr. Scott will have thirty days to pay the $480 dollar assessment against him. If he fails to**

27  **pay the amount specified, defendant may file a motion seeking other sanctions as allowed by the**

28  **Federal Rules.**

1    The next motion is Mr. Scotts second motion to stay this action (Dkt. # 79).  The filing is repetitive

2  of his of Mr. Scott's earlier motion to stay, (Dkt. # 61) and is **DENIED.**

3    The final motion filed by Mr. Scott asks for sanctions and seeks to compel answers to the discovery

4  that was the subject of the protective order (Dkt. # 83).   Mr. Scott seeks $1480 dollars in sanctions.  The

5  motion is frivolous and is **DENIED.**  Currently there is no outstanding discovery.  If plaintiff wishes to

6  conduct discovery, he must submit his proposed questions to the court with a motion.

7    The clerk is directed to send a copy of this order to plaintiff and counsel for defendants and to

8  remove docket numbers 61, 63, 77, 79, and 83 from the courts calendar.

9    The court notes that in recent pleadings Mr. Scott cites to exhibits he does not supply.  He then

10  submits a one page statement that he is being denied copies (Dkt. # 82 and 84).  The pleadings are

11  insufficient.  Mr. Scott needs to file an affidavit that provides the court with the information he alleges is in

12  the exhibit.

13

14
        DATED this 13, day of March, 2007.
15

16

17
                    _/S/ J. Kelley Arnold_
                    J. Kelley Arnold
18                   United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28