UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD ROY SCOTT,<br><br>　　Plaintiff,<br><br>　v.<br><br>AL NERIO *et. al*.,<br><br>　　Defendant. | Case No. C06-5340RJB<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:**<br>**March 30, 2007** |

　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is plaintiff's motion for summary judgment for alleged work product violations (Dkt. # 59). Defendants have responded (Dkt. # 69). Plaintiff has replied (Dkt. # 72).

　　Plaintiff is a resident of the Special Commitment Center. In April of 2006 his computer was searched and contraband items, including pictures and software, were found. The King County Prosecutor's office was informed of the nature of the pictures and the computer was taken into evidence in plaintiff's civil commitment proceeding.

REPORT AND RECOMMENDATION - 1

Plaintiff alleges everything on his computer, including work product and files relating to this case, were copied off his computer, Bates stamped, and sent back to him (Dkt # 59). As the mail system was used, the defendants in this action would have had access to plaintiff's work product and files. Defendants present the affidavit of the King County Deputy Prosecutor from Mr. Scott's civil commitment case. The Deputy Prosecutor alleges Mr. Scott sent the prosecutor's office the information in question, asked that it be Bates stamped and prepared as evidence in his commitment trial, and that a copy be returned to him (Dkt. # 70). Thus, there is a disagreement as to the facts. That disagreement is material.

Plaintiff seeks summary judgement or in the alternative sanctions and declaratory relief (Dkt. # 59).

### THE STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the

REPORT AND RECOMMENDATION - 2

preponderance of the evidence in most civil cases. <u>Anderson</u>, 477 U.S. at 254; <u>T.W. Elec. Service Inc.</u>, 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. <u>Id</u>.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. <u>T.W. Elec. Service Inc.</u>, 809 F.2d at 630.(relying on <u>Anderson</u>, *supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

Plaintiff alleges a work product violation (Dkt. # 59). The defendants present evidence showing that plaintiff waived any privilege in the information in question (Dkt. # 70). The court cannot weigh the evidence at summary judgment and plaintiff's motion must be **DENIED.**

As for injunctive relief, the basic function of injunctive relief is to preserve the *status quo ante litem* pending a determination of the action on the merits. <u>Los Angeles Memorial Coliseum Com'n v. National Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." <u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

<u>Id</u>. (citations omitted).

Under the facts above plaintiff cannot meet the burden for an injunction as he cannot show an immediate threat of irreparable future injury. If plaintiff's version of the facts is true, the incident occurred in the past and there is no future threat of such an occurrence as plaintiff does not have a computer at the present time. If Defendants version of the facts is true, there has been no violation

REPORT AND RECOMMENDATION - 3

1 and plaintiff demanded the evidence in question be stamped and sent to him.  Either way, plaintiff
2 lacks standing for an injunction.  Further, as Mr. Scott has not met his burden of showing an
3 injunction is needed.
4      Mr. Scotts motion for Summary judgment should be **DENIED**.  A proposed order
5 accompanies this Report and Recommendation.
6      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
7 parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.
8 R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of
9 appeal.  U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is
10 directed to set the matter for consideration on March 30, 2007, as noted in the caption.

12      DATED this 13, day of March, 2007.

     <u>/S/ *J. Kelley Arnold*</u>
     J. Kelley Arnold
     United states Magistrate Judge

28 REPORT AND RECOMMENDATION - 4