UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

       Plaintiff,

  v.

AL NERIO *et al.*,

       Defendants.

Case No.  C06-5340RJB

ORDER LIFTING THE STAY IN THIS CASE AND RULING ON PENDING MOTIONS

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This action was stayed for approximately one month on March 13, 2007.  The action was stayed to allow defendants to respond to a motion for injunctive relief (Dkt. # 73).  A Report and Recommendation on that motion has been submitted.

Now before the court are five motions filed by the plaintiff.  All five of the motions were filed on February 22, 2007.  The motions include:

1.     Motion to add Becky Denny as a defendant in this action (Dkt. # 91).

2.     Motion for clarification of discovery rulings (Dkt. # 92).

3.     Motion to conduct discovery (Dkt. # 93).

ORDER
Page - 1

1       4.      Motion to compel (Dkt. # 96).

2       5.      Motion to order return of plaintiff's computer (Dkt. # 97).

The motion to add Becky Denny as a defendant to this action, (Dkt. # 91), is **DENIED**. This motion is repetitive of several earlier attempts to add this person as a defendant (Dkt. # 19, 28, 40, and 64). Judge Lasnik set the parameters of this case in the order allowing plaintiff to proceed (Dkt. # 2). Plaintiff has failed to show Becky Denny was part of the April 6, 2006, hearing that is the issue of this litigation.

Plaintiff's motion for clarification, (Dkt. # 92), is **GRANTED.** As a result of the case management order and sanctions order under which Mr. Scott now litigates, he must submit proposed discovery to the court in writing. He may submit request for production of documents, requests for admissions, interrogatories, or questions for written depositions. The court will review the discovery and if it is appropriate and within the scope of the litigation before the court, the court will direct the defendants to respond.

This action challenges an April 6, 2006, hearing. The issues are whether there was evidence to support a finding of guilt and whether the sanctions violated plaintiff's First Amendment rights. See, Order allowing case to proceed, (Dkt. 2). Thus, the scope of the litigation is very narrow.

Plaintiff's motion to conduct discovery, (Dkt. # 93), is **GRANTED.** Plaintiff has had the ability to submit proposed discovery for the court's consideration throughout this proceeding, with the exception of the one month the case was stayed.

Plaintiff's motion to compel, (Dkt. # 96) is **DENIED.** Plaintiff states "I received the first transcript of Defendant Rockwell. Exhibit 1. He declined to answer the main and most relative and important question. Just no answers." This is the sum total of the motion (Dkt. # 96). Plaintiff does not inform the court what question defendant Rockwell failed to answer. Plaintiff fails to show the question is within the scope of this litigation. While plaintiff indicates the transcript is attached as an exhibit, it is not attached. Instead, the plaintiff filed a statement that he is being denied copies. Denial of copies does not prevent the plaintiff from writing out the question so the court has the necessary information it needs to consider this motion. Further, motions to compel discovery will not be considered under this courts local rules unless the parties have met and conferred regarding the matter. Plaintiff does not show any such meeting took place.

Plaintiff's motion for return of his computer, (Dkt # 97) is **DENIED**. The issue in this action is sufficiency of the evidence at a single hearing held April 6, 2006. While the sanctions from that hearing may

1 have included confiscation of plaintiff's computer, the order allowing this action to proceed makes clear that
2 loss of plaintiff's computer was a sanction relating to a number of hearings (Dkt. # 2). Plaintiff has not
3 prevailed in this action and the issues of the sufficiency of the evidence at plaintiff's April 6, 2006, hearing and
4 whether the sanctions imposed violated plaintiff's First Amendment rights have not been adjudicated.

5        The clerk is directed to send a copy of this order to plaintiff and counsel for defendants.

       DATED this 20, day of April, 2007.

       /S/ *J. Kelley Arnold*
       J. Kelley Arnold
       United States Magistrate Judge