UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

    Plaintiff,

v.

AL NERIO *et. al.*,

    Defendant.

Case No. C06-5340RJB

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge J. Kelley Arnold's Report and Recommendation (Dkt. 113) regarding Plaintiff's "Motion for Judgment for Discovery/Work Product Violations" (Dkt. 59), and Plaintiff's "Response to R&R" (Dkt. 121). The Court has considered the relevant documents and the remainder of the file herein.

## I.    FACTS AND PROCEDURE

This is a 42 U.S.C. § 1983 Civil Rights action where Plaintiff alleges violations of his First Amendment rights and access to the courts. Dkt. 1. Plaintiff is a resident of the Special Commitment Center ("SCC") and, because he is a frequent and vexatious litigator, is subject to a case management order that restricts his litigation. Dkt. 2. In the present matter, Plaintiff is limited to litigating the adverse consequences of a disciplinary hearing held on April 6, 2006, regarding alleged violations of SCC policy. Dkt. 2.

On January 10, 2007, Plaintiff filed a "Motion for Judgment for Discovery/Work Product Violations," seeking summary judgment and injunctive relief. Dkt. 59. On January 29, 2007,

ORDER
Page - 1

Defendants submitted a Response to Plaintiff's motion. Dkt. 69. Plaintiff submitted a reply captioned "Response to Reply Re: Work Product Violations" on January 31, 2007. Dkt. 72. Judge Arnold entered a Report and Recommendation on March 13, 2007, recommending that Plaintiff's motions be denied. Dkt. 113. Plaintiff filed a "Response to R&R" on March 30, 2007 (Dkt. 121), a "Supplimential [sic] Exhibit in Response to R&R" (Dkt. 122) on April 3, 2007, and a "Supplimential [sic] New Evidence in Support of Summary Judgment for Work Product Violations and in Response to R&R on S.J. Motion" on April 9, 2007 (Dkt. 125). Defendants submitted a Response to Plaintiff's objections to the Report and Recommendation on March 5, 2007. Dkt. 123.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving

1 party only when the facts specifically attested by that party contradict facts specifically attested by
2 the moving party. The nonmoving party may not merely state that it will discredit the moving party's
3 evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec.*
4 *Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in
5 affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*,
6 497 U.S. 871, 888-89 (1990).

### III.   DISCUSSION

The facts leading to this motion are set forth in the Report and Recommendation. Dkt. 113. Plaintiff alleges work product violation and requests summary judgment as a sanction and also requests an injunction "to prevent future such actions." Dkt. 59. In the Report and Recommendation, Judge Arnold recommends denying Plaintiff's motion for summary judgment because issues of material fact exist. Dkt. 113. Judge Arnold also recommends denying Plaintiff's motion for injunctive relief because Plaintiff has failed to meet the traditional or alternative standards for relief. Dkt. 113.

#### A.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FAILS BECAUSE MATERIAL ISSUES OF FACT EXIST

Plaintiff alleges in his summary judgment motion that Prosecutors seized his computer and took all his media and that he received copies of its contents, including legal files, which were scanned and "Bates stamped." Dkt. 59. Plaintiff alleges that this action resulted in work product violations. Dkt. 59.

In response to Plaintiff's summary judgment motion, Defendants argue that summary judgment is improper because (1) Plaintiff is limited to litigating the adverse consequences of the April 6, 2006 administrative review hearing; (2) Plaintiff has failed to establish that no genuine issue of material fact exists; and (3) there was no violation of Plaintiff's work product or attorney-client privilege. Dkt. 69, at 1. Further, Defendants argue that the Prosecutors are not even a party to this action. Dkt. 69, at 3. Defendants submitted, among other documents, an affidavit from David Hackett, the King County Senior Deputing Prosecuting Attorney ("KCPAO") working on Plaintiff's civil commitment case. Dkt. 70. Mr. Hackett attests that on "December 5, 2005, Mr. Scott sent a

ORDER
Page - 3

box full of documents to the KCPAO SVP Unit." Dkt. 70, at 2. Mr. Hackett declares that a hearing was held in King County Superior Court where "we confirmed on the record that Mr. Scott knowingly, intelligently, and voluntarily waived any attorney client or work product privilege that he possessed in the materials contained in the box." Dkt. 70, at 2. Mr. Hackett also attests that on June 21, 2006, his office subpoenaed Plaintiff's computer and media from the SCC, and his office later sought and obtained a court order allowing a search of the hard drive of the computer. Dkt. 70, at 3.

In response to the Report and Recommendation urging denial of his claim, Plaintiff supplemented his motion by providing the Court with a deposition taken on February 27, 2007, from Mr. Eussen, an information technology system specialist at SCC. Dkt. 122, at 7. Plaintiff alleges that Mr. Eussen's deposition "totally contradicts" everything the Defendants have stated. Dkt. 122, at 1. Plaintiff does not designate any specific portion of the deposition for the Court to examine, and the bulk of Mr. Eussen's deposition is devoted to describing the process by which Plaintiff's computer was searched for violations of SCC policy by Mr. Eussen. Dkt. 122. Plaintiff also submitted a declaration in which he states that "in an effort to keep the depositions away from this courts eyes [sic] (of SCC staff and Joel Eussan, of the former IT computer man) they removed them all from my room!! Kept them." Dkt. 125, at 3. Along with his declaration, Plaintiff submits copies of several pleadings, declarations, and exhibits from a previous case. Dkt. 125, at 5.

In their response, Defendants assert that Mr. Eussen and the Prosecutor's office did not violate Plaintiff's work product or attorney client privilege. Dkt. 123. Defendants also assert that "Plaintiff provides no supporting argument or citation to legal authority in either his motion or his 'objections' to the R&R." Dkt. 123, at 2.

As Plaintiff's own filings indicate, at a minimum, issues of fact exist as to whether a violation of work product or attorney client privileged occurred. *See* Dkts. 121 and 122. The Defendants present evidence that contradicts Plaintiff's allegations. The evidence presented supports Defendants' assertions that Plaintiff waived the privilege and that Defendants did not view any privileged material. Dkts. 70 and 123. At this summary judgment stage, the Court cannot weigh the evidence. Moreover, it is unclear that the Plaintiff would, as a matter of law, be entitled to the relief

ORDER
Page - 4

he seeks in his motion. Therefore, the Court should adopt the Report and Recommendation and Plaintiff's Motion for Summary Judgment should be denied.

### B. INJUNCTIVE RELIEF IS NOT PROPER

A party seeking injunctive relief must fulfill one of two standards: "traditional" or "alternative." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). Under the alternative standard, the Court may grant injunctive relief when (1) the moving party has shown a probability of success on the merits and the possibility of irreparable harm; or (2) serious legal questions are raised and the balance of hardships tips sharply in the moving party's favor. *Id.* Or, under the traditional standard, a Court may issue preliminary injunctive relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief." *Id.* Plaintiff, although pro se, is a frequent litigator and should be well aware of the minimum showing necessary to obtain injunctive relief. Plaintiff has not met his burden showing that an injunction is proper. Therefore, the Report and Recommendation should be adopted, and Plaintiff's motion for injunctive relief should be denied.

### IV. ORDER

Therefore, the Court does hereby find and **ORDER**:

(1) The Court **ADOPTS** the Report and Recommendation (Dkt. 113);

(2) Plaintiff's "Motion for Judgment for Discovery/Work Product Violations" (Dkt. 59) is **DENIED**.

(3) The Clerk is directed to send copies of this Order to plaintiff, counsel for defendant, and to the Hon. J. Kelley Arnold.

Dated this 23rd day of April, 2007.

Robert J. Bryan
United States District Judge