UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

    Plaintiff,

v.

AL NERIO *et. al.*,

    Defendants.

Case No. C06-5340RJB

ORDER

This matter comes before the Court on Plaintiff's "Appeal of Dkt. #127, #128 Orders and Response to RR #129." Dkts. 131 and 134. The Court has considered the relevant documents and the remainder of the file herein.

## I.   FACTS AND PROCEDURE

This is a 42 U.S.C. § 1983 Civil Rights action where Plaintiff alleges violations of his First Amendment rights and access to the courts. Dkt. 1. Plaintiff is a resident of the Special Commitment Center ("SCC") and, because he is a frequent and vexatious litigator, is subject to a case management order that restricts his litigation. Dkt. 2. In the present matter, Plaintiff is limited to litigating the adverse consequences of a disciplinary hearing held on April 6, 2006, regarding alleged violations of SCC policy. Dkt. 2.

On March 13, 2007, this action was stayed for thirty days. Dkt. 112. On March 15, 2007, Plaintiff filed a Motion for a temporary restraining order (Dkt. 114) which U.S. Magistrate Judge J. Kelley Arnold ordered be stricken as violating the case management order. Dkt. 127. On April 20,

ORDER
Page - 1

1  2007, Judge Arnold ordered that the stay be lifted, and granted some of Plaintiff's then pending

2  motions and denied some of Plaintiff's then pending motions. Dkt. 128. Judge Arnold filed a Report

3  and Recommendation on April 20, 2007, recommending that Plaintiff's motion for a temporary

4  restraining order (Dkt. 73) be denied. Dkt. 129.

5  On April 27, 2007, Plaintiff filed a pleading entitled "Appeal of Dkt. #127, #128 Orders and

6  Response to Report and Recommendation #129" with a four page attachment. Dkt. 131. On May

7  8, 2007, the same pleading was docketed again, but with a five page attachment. Dkt. 134.

8  The pleading states that, "[t]hese denials are borderline [sic] an abuse of discretion. Clearly

9  this case will never get beyond point "A" as long as Judge Arnold remains in control. He must be

10  replaced. He is obstructing justice a federal crime. There is no relationship between the mt for TRO

11  and his description also." Dkts. 131 and 134.

## II.  DISCUSSION

### A.  APPEAL OF ORDERS

Fed. R. Civ. P. 72(a) provides:

> Nondispositive Matters. A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Plaintiff has failed to show that either Judge Arnold's Order Striking Motions Filed While this Action was Stayed (Dkt. 127) or the Order Lifting the Stay in this Case and Ruling on Pending Motions (Dkt. 128) were "clearly erroneous or contrary to law." Plaintiff merely states that they are an "abuse of discretion." Plaintiff fails to meet his burden under Fed. R. Civ. P. 72(a). Judge Arnold's orders should be affirmed and Plaintiff's appeal should be dismissed.

### B.  MOTION FOR RECUSAL

Pursuant to 28 U.S.C. § 144,

> Whenever a party to any proceeding in a district court makes and files a timely and

ORDER
Page - 2

sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

To the extent that Plaintiff is moving for recusal of Judge Arnold, the motion should be denied. Plaintiff has failed to file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Plaintiff has not shown good cause for failure to file an sufficient affidavit within the time allotted by the statute. Plaintiff has failed to certify that the motion was made in good faith. Plaintiff's failure to comply with the statutory requirements of 28 U.S.C. § 144 should result in a denial of his motion, and no further referral should take place.

**C.      OBJECTIONS TO THE REPORT AND RECOMMENDATION**

To the extent that Plaintiff intends this pleading to be an objection to the Report and Recommendation (Dkt. 129), the Court shall consider the remaining arguments made in light of the Report and Recommendation when it is ripe for consideration on May 25, 2007.

### III.      ORDER

Therefore, it is hereby **ORDERED** that,

(1)    Plaintiff's "Appeal of Dkts. 127 and 128" (Dkts. 131 and 134) is **DISMISSED**, and U.S. Magistrate Judge J. Kelley Arnold's Order Striking Motions Filed While this Action was Stayed (Dkt. 127) and Order Lifting the Stay in this Case and Ruling on Pending Motions (Dkt. 128) are **AFFIRMED**;

(2)    Plaintiff's Motion for Recusal (Dkts. 131 and 134) is **DENIED**;

(3)    The Clerk is directed to send copies of this Order to Plaintiff, counsel for Defendants, and to the Hon. J. Kelley Arnold.

1   DATED this 15th day of May, 2007.

2

3
                                    /s/ Robert J. Bryan
4                                   _____
                                    Robert J. Bryan
5                                   United States District Judge

ORDER
Page - 4