UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

    Plaintiff,

v.

AL NERIO *et. al*.,

    Defendant.

Case No. C06-5340RJB

REPORT AND RECOMMENDATION

**NOTED FOR:**
**June  22, 2007**

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court are three motions filed by Mr. Scott.  Two are motions for temporary restraining orders (Dkt. # 135 and 141).  The other motion is a motion for summary judgment (Dkt. # 133).

    Defendants have responded to plaintiff's motion for summary judgment (Dkt. # 152, 153, and 154) Plaintiff has replied (Dkt. # 168).  No response is necessary regarding the two motions for temporary restraining orders as the issues Mr. Scott raises are not part of this litigation.

REPORT AND RECOMMENDATION - 1

1   Having reviewed the pleadings the court recommends the motions be denied and that an
2   order directing plaintiff to show cause why he should not pay attorneys fees be entered.

## FACTS

Plaintiff is a non-committed resident at the SCC. In his one page motion for summary judgment, plaintiff argues all his depositions were taken by SCC staff (Dkt. # 133). Plaintiff alleges this was done to prevent him from presenting the depositions to this court (Dkt. # 133).

Defendants have responded and show that in Mr. Scott's civil commitment case an order was made that protected information in depositions from disclosure outside of the litigation (Dkt. # 133). Mr. Scott violated that order by showing a video tape of the deposition of an SCC staff person to other residents of the SCC. The tape was played by Mr. Scott in the day room at the SCC (Dkt. # 152, 153, and 154). The deputy prosecuting attorney handling Mr. Scott's civil commitment case obtained a court order directing SCC to remove all depositions from Mr. Scott's room. This order was entered to prevent Mr. Scott from further discovery abuses in that case (Dkt. # 154, attachments). Mr. Scott has access to the material removed from his room, but, that access is now controlled to prevent Mr. Scott from discovery abuses. Mr. Scott failed to disclose this information to this tribunal in bringing his motion for summary judgment (Dkt. # 133).

Mr. Scott's two motions for temporary restating orders deal with matters unrelated to this action. The first motion deals with typewriter ribbons and paper, (Dkt. # 135), the second motion attempts to challenge a new mail room policy (Dkt. # 141).

This action challenges the propriety of a hearing held April 6, 2006. Neither writing supplies, nor the new mail room policy are properly part of this action.

## STANDARD

1.   Summary Judgment.

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the

REPORT AND RECOMMENDATION - 2

nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.").  <u>See also</u> Fed. R. Civ. P. 56 (e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 253 (1986); <u>T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association</u>, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases.  <u>Anderson</u>, 477 U.S. at 254; <u>T.W. Elec. Service Inc.</u>, 809 F.2d at 630.  The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. <u>Id</u>.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim.  <u>T.W. Elec. Service Inc.</u>, 809 F.2d at 630.(relying on <u>Anderson</u>, *supra*).  Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed."  <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 888-89 (1990).

2.      <u>Temporary Restraining Orders</u>.

The basic function of injunctive relief is to preserve the <u>status quo ante litem</u> pending a determination of the action on the merits.  <u>Los Angeles Memorial Coliseum Com'n v. National Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative."  <u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th Cir. 1987).

REPORT AND RECOMMENDATION - 3

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

## DISCUSSION

1.  Summary Judgment.

General Rule 3 (d) of the Local Rule provides:

> An attorney or party who without just cause fails to comply with any rule of the Federal Rules of Civil or Criminal Procedure, or these rules, or orders of the court, or who presents to the court unnecessary motions or unwarranted opposition to motions, or who fails to prepare for presentation to the court, or who otherwise so multiplies or obstructs the proceedings in a case as to increase the cost thereof unreasonably and vexatiously, may, in addition to, or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs, and may be subjected to such other sanctions as the court may deem appropriate.

Federal Rule of Civil Procedure 11(b)(3) makes the signature on a motion a representation to the court that to the best of the persons knowledge the contentions have evidentiary support. Here, plaintiff failed to inform the court that the depositions were taken from his cell as a result of a court order in his civil commitment case. He also failed to inform the court that the order allows him controlled access to the materials that were taken. Instead, plaintiff alleges the depositions were taken to prevent him from submitting them to this court (Dkt. # 133).

Plaintiff appears to be in violation of Federal Rule of Civil Procedure 11 and General Rule 3 of the Local Rules. Plaintiff's motion for summary judgment should be **DENIED.** Further, plaintiff should be ordered to show cause why an award of attorneys fees for the time spent responding to this motion should not be awarded. Plaintiff should be given thirty days to respond to the court's order.

2.  Temporary Restraining Orders.

Plaintiff fails to show any irreparable injury. Plaintiff has repeatedly been told the parameters of this litigation. This case challenges an April 6, 2006 hearing, Plaintiff continues to attempt to

REPORT AND RECOMMENDATION - 4

1  expand the litigation to address a continuum of issues regarding his confinement.  The court should
2  not intentionally or unwittingly predetermine a claim plaintiff may have against a non-party by
3  considering plaintiff's requested motions.  Mr. Scott makes no showing any named defendant in this
4  action is responsible for the decision to deny him paper of typewriter ribbons or for the new mail
5  room policy.  Further, Mr. Scott has not meet his burden of showing an injunction is needed.   The
6  motions for temporary restraining orders should be **DENIED.**  A proposed order accompanies this
7  Report and Recommendation.
8      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
9  parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R.
10  Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.
11  U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the
12  matter for consideration on **June 22, 2007**, as noted in the caption.

14      DATED this 30  day of May, 2007.

17      */S/ J. Kelley Arnold*
       J. Kelley Arnold
18     United States Magistrate Judge

28  REPORT AND RECOMMENDATION - 5