UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

    Plaintiff,

    v.

AL NERIO *et. al.*,

    Defendant.

Case No. C06-5340RJB

REPORT AND RECOMMENDATION

**NOTED FOR:**
**July 6, 2007**

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court are four motions filed by plaintiff. Plaintiff filed these motions between May 22, 2007 and June 12, 2007. There are three motions for temporary restraining orders, (Dkt. # 168, 189, and 195). There is also a motion for Summary Judgment as a result of an alleged "discovery violation." (Dkt # 196). Defendants have filed a motion for summary judgment which is noted to be heard on June 22, 2007. That motion is not ripe for review at this time, as plaintiff still has time to file a response. No response is needed to Mr. Scott's motions as the motions are repetitive and beyond the scope of this litigation.

## FACTS

    Plaintiff is a non-committed resident at the Special Commitment Center, SCC. He is awaiting trial on his civil commitment case. In plaintiff's first motion for a TRO he alleges there is only one telephone in his unit, and the lack of working phones is hindering his access to his three attorneys

REPORT AND RECOMMENDATION - 1

and his investigators in his civil commitment case (Dkt. # 168). Those issues have nothing to do with the allegations in this action. This action addresses the validity of an April 6, 2006 disciplinary hearing. <u>See</u>, Order from Judge Lasnik allowing this action to proceed as to the April 6, 2006 hearing (Dkt # 2).

In Mr. Scott's second motion he alleges he cannot receive free copies (Dkt. # 189). This motion is duplicative of prior motions for Temporary Restraining Orders filed in this case, (Dkt. # 16 and 18). The motion is a violation of the sanctions order entered against Mr. Scott in other cases which prohibit repetitive motions. <u>See</u>, (<u>Scott v Lehman</u>, 4-5521FDB (Dkt. # 80, page 4, ¶6)).

Mr. Scott's third motion alleges he has been locked out of his work station (Dkt. # 195). Mr. Scott argues that without "evidence" he cannot proceed in this case. Mr. Scott fails to articulate what evidence he needs or what evidence has been taken from him. Between May 22, 2007 and June 12, 2007, Mr. Scott has filed no less that 21 separate documents with this court, an average of one filing per day.

Finally, Mr. Scott seeks summary judgment because he alleges he is being denied access to his discovery, and his computer work station. In addition, he again challenges his inability to get free copies (Dkt. # 196).

## <u>STANDARD</u>

The basic function of injunctive relief is to preserve the <u>status quo ante litem</u> pending a determination of the action on the merits. <u>Los Angeles Memorial Coliseum Com'n v. National Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." <u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

<u>Id</u>. (citations omitted).

REPORT AND RECOMMENDATION - 2

# DISCUSSION

Plaintiff fails to show any irreparable injury with his first motion (Dkt. # 168). Plaintiff alleges he needs more phone access with his three attorneys and investigators, but, he is proceeding pro se in this action and fails to show any injury warranting court intervention.

In his second motion he again challenges lack of free copies (Dkt. # 189). Plaintiff fails to show he cannot respond to pleadings Plaintiff fails to articulate with any specificity what materials need to be copied and placed before this court. Plaintiff has again failed to show injury.

In his third motion plaintiff alleges he has been locked out of his work station (Dkt. # 195). Plaintiff fails to articulate what is on the storage disks of that station. Plaintiff has demonstrated an ability to file pleadings and has pen and paper or pencil and paper. Plaintiff's allegations fail to show injury as no specific information is placed before the court.

Plaintiff's final motion is simply improper (Dkt. # 196). Summary Judgment is not available for a "discovery dispute," absent a refusal to comply with a previously entered court order. There is no indication of such a refusal in this case. See, Fed. Rule Civil Procedure 37 (b)(2)(A through E).

Plaintiff's motions for temporary restraining and summary judgment should be **DENIED.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 6, 2007** as noted in the caption.

DATED this 18 day of June, 2007.

/s/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3