UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

   Plaintiff,

 v.

AL NERIO *et al.,*

   Defendants.

Case No.  C06-5340RJB

ORDER ON PENDING MOTIONS

  This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

  Now before the court are seven motions filed by the plaintiff.  An Eighth motion, (Dkt. # 166), will be considered separately.  The motions include:

  1. Motion to stay the action and appoint counsel (Dkt. # 159).

  2. Motion to "preserve documents" (Dkt. # 175).

  3. Motion to extend time or in the alternative for appointment of counsel (Dkt. # 182).

  4. A repetitive motion to stay the action (Dkt. # 185).

  5. A motion to reconsider a prior order and report and recommendation including reconsideration

of the order entered May 30, 2007 (Dkt. # 188 (asking the court to reconsider entries 165 and 167)).

6. A repetitive motion to reconsider the order entered May 30, 2007 (Dkt. # 190 (asking the court to reconsider 165)).

7. A repetitive motion for appointment of counsel (Dkt. # 191).

The motions, are **DENIED.**

1. Appointment of counsel.

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Moreover, it appears that this case does not involve exceptional circumstances which warrant appointment of counsel. Accordingly, Plaintiff's Motions to Appoint Counsel (Dkt. # 159, 182, and 191) are **DENIED**.

2. Motions to stay the action.

Defendants have moved for summary judgment (Dkt. # 176). That motion is noted to be heard on June 22, 2007. Plaintiff has not shown that he is unable to respond to the motion. While plaintiff alleges he does not have hard copies of discovery in this case, plaintiff has access to all discovery in this case Compare, (Dkt. # 159, 175, 182, 185, 191 with Dkt. # 198, 199, 200, 201, 202, 203, and 204). Plaintiff may have to hand copy discovery if he cannot afford copies, however the documents are available and plaintiff has been given 90 free copies per month which he chooses to use for public disclosure requests. See, (Dkt. # 199, page 2 ¶ 3). The motions to stay the action, (Dkt. # 159 and 185), are **DENIED.**

3. Motion to preserve documents.

Plaintiff asks the court to order the Special Commitment Center to keep virtually every document created or every video tape recorded indefinitely (Dkt. # 175). Plaintiff fails to show any documents

relevant to this action have been destroyed. This action involves a disciplinary hearing that occurred on April 6, 2006. The motion is **DENIED.**

    4.    <u>Motion to extend time</u>.

Plaintiff fails to show additional time is needed, During the time since defendants filed their motion for summary judgment plaintiff has filed no less than fourteen pleadings with the court. Plaintiff has had over one month to respond to the pending motion. The motion is **DENIED.**

    5.    <u>Motions for reconsideration</u>.

Local Rule 7 (h)(3) states that motions for reconsideration are "disfavored." Prior rulings will not be reconsidered absent manifest error or "a showing of new facts or legal authority **<u>which could not have been brought to its attention earlier with reasonable diligence</u>**."

Plaintiff fails to make any showing of manifest error or new facts. The motion is **DENIED.**

    6.    <u>Repetitive motions</u>.

Mr. Scott has had a sanction order entered against him as a result of his abusive practices. <u>See</u>, (<u>Scott v Lehman</u>, CV 04-5521FDB (Dkt. # 80)). That sanction order specifically prohibits Mr. Scott from filing duplicative or repetitive motions under pain of monetary sanction or dismissal of an action. <u>See</u>, (<u>Scott v Lehman</u>, CV 04-5521FDB (Dkt. # 80, page 4 ¶ 6). Mr. Scott is in violation of that order. The court will consider the issue of sanctions in a separate order that addresses (Dkt. # 166).

The clerk is directed to send a copy of this order to plaintiff and counsel for defendants.

DATED this 20 day of June, 2007.

                               /S/ *J. Kelley Arnold*
                               J. Kelley Arnold
                               United States Magistrate Judge