UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

    Plaintiff,

v.

AL NERIO *et al.*,

    Defendants.

Case No. C06-5340RJB

ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE LEVIED

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is plaintiff's motion to amend the complaint (Dkt. # 166). By the courts count this is the seventh or eighth attempt to amend the action. Judge Lasnik entered an order setting the parameters of this case.

    Mr. Scott originally filed a complaint challenging an April 6, 2006 disciplinary hearing. Judge Lasnik entered an order allowing the action to proceed and stated:

> Plaintiff's proposed complaint asserts constitutional and other claims against individuals who participated in a disciplinary hearing on April 6, 2006. Plaintiff asserts that there was no evidence to support the alleged violation of Policy 235, that defendant Alan McLaughlin improperly influenced the proceedings, and that the punishments assessed (a bar from use of intra-institutional mail, the deprivation of free legal copies, the confiscation of plaintiff's computer, and isolated confinement)

ORDER
Page - 1

> infringe his First Amendment rights and access to the courts. Pursuant to his declaration, plaintiff is not seeking to litigate claims arising before April 6, 2006, and has not raised these claims in a prior suit.
>
> Although plaintiff has already filed two complaints regarding the confiscation of his computer and his isolated confinement (see MC05-5029 at Dkt. # 43 (now C06-5173) and Dkt. # 50), the Court will accept at face value plaintiff's representation that this complaint involves only the adverse consequences of the April 6, 2006, disciplinary hearing. Plaintiff will not be permitted to litigate prior events, such as the confiscation of his computer in February and March 2006, in the context of this action. The Court finds that the issues raised in the April 11, 2006, proposed complaint (Dkt. # 52), as limited herein, have not been finally resolved and may proceed subject to the other requirements imposed by the "Order Adopting Report and Recommendation," dated April 5, 2005. The Clerk of Court shall docket this order in MC05-5029 and open a new cause of action containing all documents related to plaintiff's April 11,2006, submission.

(Dkt. # 2). The proposed complaint, (Dkt. # 5), was filed. Mr. Scott then altered the service copies of the complaint by deleting two of the named defendants and served the altered complaint. Mr. Scott then filed an amended complaint without leave of court, (Dkt # 11).

Mr. Scott then filed a motion to add a defendant, (Dkt. # 19). Without waiting for a ruling on that motion Mr. Scott filed another motion to amend, (Dtk # 28). Mr. Scott's actions necessitated an order clarifying the action, (Dkt # 30). Mr. Scotts motions to add a defendant and amend the complaint were denied, (Dkt. # 37) Mr. Scott appealed that order, (Dkt # 40) the Appeal was denied (Dkt. # 47).

Mr. Scott filed yet another motion to add a defendant and amend the complaint, (Dkt # 91). The motion was denied (Dkt. # 128). The court informed Mr. Scott the motion was repetitive of earlier attempts and that Judge Lasnik had set the parameters of the case in the order allowing plaintiff to proceed. Mr. Scott appealed and sought de novo review (Dkt # 134). Without waiting for a ruling on his appeal Mr. Scott filed yet another motion to amend, (Dkt # 138). The order, (Dkt. 128), was upheld on appeal (Dkt # 147).

While Mr. Scott's repetitive motion , (Dkt # 138), was under consideration and the court was waiting for a ruling on Mr. Scotts appeal, Mr. Scott filed yet another motion to amend, (Dkt # 166). (Dkt. # 138) was denied (Dkt. # 165). Mr. Scott's newest motion, (Dkt # 166) is now before the court and ripe for review. The court has also just entered an order dealing with seven repetitive motions (Dkt. # 159 through 191).

ORDER
Page - 2

1    Mr. Scotts repetitive motions and refusal to accept rulings from this tribunal result in a waste
2 of judicial resources.  His motions are in violation of Federal Rule of Civil Procedure 11.  The
3 motions are vexatious and abusive.
4    If this was Mr. Scotts only transgression, a warning would be in order.  However, Mr. Scott
5 has a long history of litigation abuses.  These abuses have resulted in a Case Management Order
6 being entered in all civil case filed by Mr. Scott.  <u>See</u> (Dkt. # 6).  His abuses have also resulted in
7 cases being dismissed and a sanction order being entered.  <u>See</u>, (<u>Scott v Lehman</u>, CV 04-5521FDB
8 (Dkt. # 80)).  That sanction order specifically prohibits Mr. Scott from filing duplicative or repetitive
9 motions under pain of monetary sanction or dismissal of an action.  <u>See</u>, (<u>Scott v Lehman</u>, CV 04-
10 5521FDB (Dkt. # 80, page 4 ¶ 6))     Finally, this court found it necessary to have Mr. Scott declared
11 a vexatious litigant.  <u>See</u>, (<u>Scott v. Weinberg</u>, CV 6-5172FDB (Dkt. # 95)).
12    Mr. Scott's pattern of abusive litigation remains unchecked. Mr. Scott's motion to amend is
13 **DENIED.**  Further, Mr. Scott is **Ordered to Show Cause** why attorneys fees for this litigation
14 should not be assessed against him as a monetary sanction.  Plaintiff will Show Cause on or before
15 **July 20, 2007.**
16    The clerk is directed to send a copy of this order to plaintiff and counsel for defendants and
17 note the **July 20. 2007**, deadline.

19        DATED this 20 day of June, 2007.

21            */S/ J. Kelley Arnold*
              J. Kelley Arnold
22            United States Magistrate Judge

ORDER
Page - 3