UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

    Plaintiff,

v.

AL NERIO *et. al.*,

    Defendants.

Case No.  C06-5340RJB

ORDER

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Kelley Arnold, (Dkt. 174), Plaintiff's Motion for Extensions of Time to R & R and Show Cause ( Dkt. 186), and Plaintiff's Appeal to Judge Dkt. # 165 (Dkt. 187).  The Court has considered the relevant documents and the remainder of the file herein.

## I.   FACTS

This is a 42 U.S.C. § 1983 Civil Rights action.  Dkt. 1.  Plaintiff is a resident of the Special Commitment Center ("SCC") and, because he is a frequent and vexatious litigator, is subject to a case management order that restricts his litigation.  Dkt. 2.  In the present matter, Plaintiff is limited to litigating the adverse consequences of a disciplinary hearing held on April 6, 2006, regarding alleged violations of SCC policy.  Dkt. 2.

On May 30, 2007, Judge Arnold filed a Report and Recommendation on Plaintiff's two motions for temporary restraining orders and a motion for summary judgment.  Dkt. 174.  Plaintiff's motions for temporary restraining order address matters unrelated to this litigation.  The first deals

ORDER
Page - 1

with typewriter ribbons and paper (Dkt. 135), and the second with a mail room policy (Dkt. 141). Plaintiff's Motion for Summary Judgment is a single page pleading, stating that all his depositions were taken by SCC staff in order to prevent him from presenting them to this Court. Dkt. 133. Defendants respond that Plaintiff does have access to his discovery, but that access is controlled by a court order in his civil commitment case. Dkt. 152.

Judge Arnold recommends denying Plaintiff's Motions for Temporary Restraining Order and Motion for Summary Judgment. Dkt. 174. Judge Arnold also recommends ordering Plaintiff to show cause why sanctions should not be assessed against him for failing to be candid with the tribunal regarding his access to his discovery materials. *Id.* Plaintiff would have thirty days to respond to the order to show cause. *Id*.

On June 6, 2007, Plaintiff filed a "Motion for Extensions of Time to R & R and Show Cause." Dkt. 186. That same day, Plaintiff filed an additional pleading entitled "Appeal to Judge Dk #165 order." Dkt. 187.

This opinion will address the motion for extension of time (Dkt. 186), the Report and Recommendation (Dkt. 174), and then Plaintiff's appeal of Judge Arnold's order (Dkt. 187).

## II.  DISCUSSION

### A.  MOTION FOR EXTENSION OF TIME

Fed. R. Civ. P. 6(b) permits the Court to enlarge the period of time given to respond to an order of the Court for cause shown. Plaintiff's motion requests an extension of time to "R & R and show cause" because he alleges that this is his last piece of paper, and he complains again about the limits on his copying. Dkt. 186.

Plaintiff's motion for enlargement of time should be denied. Since filing this pleading, Plaintiff has filed at least six additional pleadings, including a motion for summary judgment (Dkt. 196) and two motions for temporary restraining orders (Dkts. 195 and 209). Plaintiff's prolific filings belie his claim that he has no more paper. Moreover, Plaintiff's complaints about copies have been repeatedly addressed by prior orders. Plaintiff has failed to show a basis to enlarge the time he is given to respond to the Report and Recommendation or the order to show cause why sanctions

ORDER
Page - 2

should not be assessed.

**B.   REPORT AND RECOMMENDATION**

Judge Arnold's Report and Recommendation, dated May 30, 2007, should be adopted. Plaintiff failed to carry his burden under Fed. R. Civ. P. 56 on his Motion for Summary Judgment. Plaintiff did not meet his burden to show that the two temporary restraining orders were warranted.

Moreover, as stated in the Report and Recommendation, Plaintiff should be given 30 days to show cause why Fed. R. Civ. P. 11 sanctions should not be assessed against him.

**C.   APPEAL**

Fed. R. Civ. P. 72(a) provides:

> Nondispositive Matters. A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Plaintiff has failed to show that Judge Arnold's Order (Dkt. 165) was "clearly erroneous or contrary to law." Judge Arnold's order (Dkt. 165) deals with five of Plaintiff's discovery motions. Judge Arnold denies most of Plaintiff's motions, but does order a response from Defendant Al Nerio on one question. *Id.*, at 2. In his appeal, Plaintiff complains that no discovery has been allowed in this case, but then refers to a party's responses. Dkt. 187, at 2. This party's responses were addressed in Judge Arnold's order. Plaintiff fails to meet his burden under Fed. R. Civ. P. 72(a). Judge Arnold's order (Dkt.165) should be affirmed and Plaintiff's appeal (Dkt. 187) should be dismissed.

### III.   ORDER

Therefore, it is hereby **ORDERED** that,

(1)   Plaintiff's Motion for Extensions of Time to R & R and Show Cause ( Dkt. 186) is **DENIED**,

(2)   U.S. Magistrate Judge J. Kelley Arnold's Report and Recommendation (Dkt. 174) is

ORDER
Page - 3

1               **ADOPTED**;

2     (3)     Plaintiff has **THIRTY DAYS** from the date of this order to **SHOW CAUSE WHY** attorneys fees should not be assessed against him as stated in the Report and Recommendation,

    (4)     Judge Arnold's order (Dkt.165) is **AFFIRMED** and Plaintiff's Appeal to Judge Dkt. # 165 (Dkt. 187) is **DISMISSED**, and

    (5)     The Clerk is directed to send copies of this Order to Plaintiff, counsel for Defendants, and to the Hon. J. Kelley Arnold.

DATED this 27th day of June, 2007.

*Robert J. Bryan* (signature)
Robert J. Bryan
United States District Judge

ORDER
Page - 4