UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD ROY SCOTT, | |
| Plaintiff, | Case No.  C06-5340RJB |
| v. | ORDER |
| AL NERIO *et. al.*, | |
| Defendants. | |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Kelley Arnold, (Dkt. 221), Plaintiff's Motion for Reconsideration of the Order Adopting Report and Recommendation (Dkt. 236), Plaintiff's Response to this Court's Order to Show Cause (Dkt. 218), Plaintiff's Motion for Self Recusal (Dkt. 219), Plaintiff's Motion for Temporary Restraining Order Re: Supplies and Discovery Material (Dkt. 222), Plaintiff's Motion for Temporary Restraining Order on Renewed Grounds (Dkt. 223), Motion for Extension of Time to Respond to the Order to Show Cause (Dkt. 237), Plaintiff's Motion for Extension of Time to Respond to R & R and Cross Motion for Summary Judgment (Dkt. 233), Plaintiff's Motion for a Finding of Perjury (Dkt. 234), Plaintiff's Motion for Recusal (Dkt. 241), Plaintiff's Motion for Protective Order (Dkt. 242), Plaintiff's Motion to be Heard on Shorter Notice (Dkt. 243), Plaintiff's Motion for Return of Computer (Dkt. 246), and Plaintiff's Motion to be Heard on Shorter Notice Regarding Dkt. 246 (Dkt. 247).  The Court has considered the relevant documents filed in favor and opposition to these motions and the remainder of the file herein.

ORDER
Page - 1

## I.   **FACTS**

This is a 42 U.S.C. § 1983 Civil Rights action. Dkt. 1. Plaintiff is a resident of the Special Commitment Center ("SCC") and, because he is a frequent and vexatious litigator, is subject to a case management order that restricts his litigation. Dkt. 2. In the present matter, Plaintiff is limited to litigating the adverse consequences of a disciplinary hearing held on April 6, 2006, regarding alleged violations of SCC policy. Dkt. 2. The facts related to the hearing are recounted in Judge Arnold's July 2, 2007 Report and Recommendation, (Dkt. 221) and shall not be repeated here.

On June 27, 2007, this Court adopted Judge Arnold's Report and Recommendation and ordered Plaintiff to show cause why sanctions should not be assessed against him for failing to be candid with the tribunal regarding his access to his discovery materials. Dkt. 212. Plaintiff had thirty days to respond to the order to show cause. *Id*. Plaintiff filed a Response, but did not address his failure to be candid with the tribunal. Dkt. 218. On July 3, 2007, Plaintiff filed a Motion for Reconsideration of the Order Adopting the Report and Recommendation (Dkt. 212) which recommended the sanctions. Dkt. 236.

On July 2, 2007, Judge Arnold issued a Report and Recommendation, recommending that Defendants' Motion for Summary Judgment be granted and the matter dismissed for two reasons. Dkt. 221. First, Plaintiff failed to make the requisite showing in his opposition to the motion for summary dismissal of his claims. *Id*. Second, Judge Arnold recommends dismissal of the matter as a sanction due to Plaintiff's failure to pay attorneys fees ordered in March 13, 2007 (Dkt. 111). *Id*.

Plaintiff has filed several motions since the July 2, 2007 Report and Recommendation was issued, including two motions for recusal, one for Judge Arnold and one for Judge Bryan. Dkts. 236, 219, 222, 223, 237, 233, 234, 241, 242, 243, 246, and 247.

This opinion will first address the motions for recusal, then the motions for extension of time to respond, motions for temporary restraining orders and other motions, the Report and Recommendation for dismissal, and the Order to Show Cause why sanctions should not be assessed against the Plaintiff for failure to be candid with the Court.

/

ORDER
Page - 2

## II. DISCUSSION

### A. MOTION FOR RECUSAL

Pursuant to 28 U.S.C. § 144,

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Plaintiff's motions for recusal of Judge Arnold and Judge Bryan should be denied. Plaintiff has failed to file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Plaintiff has not shown good cause for failure to file an sufficient affidavit within the time allotted by the statute. Moreover, Plaintiff has filed several motions for recusal, all of which have been denied. *e.g.* Dkts. 40, 131, and 134. Plaintiff's failure to comply with the statutory requirements of 28 U.S.C. § 144 should result in a denial of his motions, and no further referral should take place.

### B. MOTIONS FOR EXTENSION OF TIME

Fed. R. Civ. P. 6(b) permits the Court to enlarge the period of time given to respond to an order of the Court for cause shown. Plaintiff files two motions for an extension of time to respond to the Order to Show Cause and the Report and Recommendation. Dkts. 233 and 237. In light of the prolific filings since the Order to Show Cause and Report and Recommendation were issued, these motions are frivolous and should be denied.

### C. MOTIONS FOR TEMPORARY RESTRAINING ORDERS AND OTHER MOTIONS

Plaintiff has not made the necessary showing to justify the granting of a temporary restraining order or preliminary injunction in any of his pending motions. Dkts. 222, 223, 242, 246, They are repetitive (in violation of the case management order), are frivolous, and should be denied. Plaintiff's motions for shortening of time should be denied as moot. Dkts. 243 and 247. Plaintiff's

motion for a finding of perjury is frivolous and should be denied. Dkt. 234. Plaintiff fails to make the requisite showing on his motion for summary judgment, and so, his cross motion for summary judgment (Dkt. 233) should be denied.

### D.   REPORT AND RECOMMENDATION

Judge Arnold's Report and Recommendation (Dkt. 221), dated July 2, 2007, should be adopted. As stated in the Report and Recommendation, Plaintiff failed to carry his burden under Fed. R. Civ. P. 56. Moreover, Plaintiff has failed to comply with the Court's order in March of 2007 to pay attorneys fees of $480.00. The Defendants' Motion for Summary Judgment should be granted.

### E.   RULE 11 SANCTIONS FOR FAILURE TO BE CANDID WITH THE TRIBUNAL

#### 1.   Motion for Reconsideration of Adoption of the Report and Recommendation that recommended sanctions for failure to be candid

Local Fed. R. Civ. P. 7(h) provides, in relevant part, as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff has failed to show a manifest error in the prior ruling or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Plaintiff's motion for reconsideration (Dkt. 236) should be denied.

#### 2.   Response to the Order to Show Cause

On June 27, 2007, Plaintiff was ordered to show cause why Fed. R. Civ. P. 11 sanctions should not be assessed against him for failing to be forthright regarding his access to discovery materials. Plaintiff has shown no basis why sanctions should not be awarded. Despite all evidence to the contrary, Plaintiff still states that he has no access to his discovery materials. Dkt. 218. Plaintiff has acted in bad faith, and despite being given ample opportunity, has failed to respond to the Court's concerns. A sanction of $500.00, to be paid to the Clerk of the Court, is warranted.

### F.   CONCLUSION

The Defendants' Motion for Summary Judgment should be granted and this matter dismissed

as Judge Arnold recommends. Plaintiff's remaining motions should be denied. Plaintiff should pay $500.00 to the Clerk of the Court as a sanction for failing to be candid with the Court. In light of the multiple pleadings already filed regarding this matter, no motions for reconsideration will be entertained. Any other pending motions should be denied as moot.

### III. ORDER

Therefore, it is hereby **ORDERED** that,

(1) Plaintiff's pending motions (Dkts. 236, 219, 222, 223, 237, 231, 233, 234, 241, 242, 243, 246, and 247), and any other pending motions, are **DENIED**,

(2) U.S. Magistrate Judge J. Kelley Arnold's Report and Recommendation (Dkt. 221) is **ADOPTED**;

(3) Plaintiff is **ORDERED** to pay $500.00 to the Clerk of the Court, and

(4) The Clerk is directed to send copies of this Order to Plaintiff, counsel for Defendants, and to the Hon. J. Kelley Arnold. Any Motions for Reconsideration shall be docketed by the Clerk, but no further action will be taken.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 9th day of August, 2007.

ROBERT J. BRYAN
United States District Judge